**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

WAYNE FALCIGLIA,                    )
        **Plaintiff,**            )
                      )    **C.A. No. 06-192 Erie**
       **vs.**                        )    **District Judge McLaughlin**
                      )    **Magistrate Judge Baxter**
**ERIE COUNTY PRISON, et al.,**      )
        **Defendants.**           )


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


**I.**     **RECOMMENDATION**

It is respectfully recommended that Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order [Document # 4] be denied.


**II.**     **REPORT**

Plaintiff, an inmate at the Erie County Prison, instituted this civil rights action on August 22, 2006, claiming that Defendants have violated his constitutional rights by denying him access to the courts and a "nutritionally adequate medical diet."  In addition, Plaintiff claims that Defendants have retaliated against him, and have violated his rights under the Americans with Disabilities Act. (See Document # 3, Par. III).

On August 24, 2006, Plaintiff filed a motion for preliminary injunction and temporary restraining order [Document # 4], seeking an order requiring Defendants to comply with his dietary needs by providing him with an appropriate diabetic diet.  A telephonic hearing on Plaintiff's motion was held before this Court on September 8, 2006.  During this hearing, Plaintiff claimed that Defendants were not providing him with a diabetic diet and that he was informed that no such diet was available at the Erie County Prison.  Based upon Plaintiff's representations, this Court instructed Defendants' counsel to determine whether a diabetic diet is available at Erie County Prison and/or whether arrangements can be made to meet Plaintiff's dietary needs.  In response to this Court's directive, Defendants' counsel has forwarded to this

Case 1:06-cv-00192-MBC-SPB   Document 6   Filed 10/10/06   Page 2 of 3

Court documentary evidence that Erie County Prison offers diabetic menus and that Plaintiff has, in fact, been receiving a high calorie diabetic diet.

Injunctive relief in any form is an extraordinary remedy that should be granted in "limited circumstances." AT & T v. Winback and Conserve Prog. Inc., 42 F.3d 1421, 1427 (3d Cir.1994) (citations omitted).  To obtain a preliminary injunction, the District Court must consider: (1) the likelihood of success on the merits; (2) the extent of irreparable injury from the alleged misconduct; (3) the extent of harm to the movant; and (4) the effect on public interest. Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990).  The preliminary injunction remedy "must be reserved for extraordinary circumstances...." Hoxworth v. Blinder, Robinson & Co. Inc., 903 F.2d 186, 189 (3d Cir. 1990).  If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then a preliminary injunction cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987).  Irreparable injury is established by showing that Plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989)("The preliminary injunction must be the only way of protecting the plaintiff from harm").  Plaintiff bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. Denied, 493 U.S. 848 (1989).  In fact, the Plaintiff must show immediate irreparable injury, which is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987).  The case law provides some assistance in determining that injury which is irreparable under this standard.  "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for...'." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994)(citations omitted).  Additionally, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F.Supp. 803, 809 (W.D.Pa. 1995).  An injunction is not issued "simply to eliminate the possibility of a remote future injury..." Acireno, 40 F.3d at 655 (citation omitted).

In this case, Defendants have provided sufficient documentary evidence to demonstrate that Plaintiff has been receiving a high calorie diabetic diet, which is the ultimate relief sought

by Plaintiff in his motion for preliminary injunction.  Thus, Plaintiff cannot demonstrate that he will suffer irreparable harm if he is not granted a preliminary injunction.  As a result, Plaintiff's motion for preliminary injunction should be denied.

## III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion for preliminary injunction and temporary restraining order [Document # 4] be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (c), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

S/Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge