## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WAYNE STEPHEN FALCIGLIA** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **06-cv-192E** |
| | ) |
| **ERIE COUNTY PRISON et al.,** | ) |
| | ) |
| **Defendants** | ) |

### MEMORANDUM ORDER

Plaintiff's Complaint was received by the Clerk of Court on August 22, 2006, and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

On August 24, 2006, Plaintiff filed a motion for preliminary injunction and temporary restraining order, seeking an order requiring Defendants to provide him with his medically prescribed diabetic diet. (Doc. #4). A telephonic hearing on Plaintiff's motion was held before Magistrate Judge Baxter on September 8, 2006. (Doc. #5). Counsel for Defendant Erie County Prison attended the hearing. At the conclusion of the hearing, Magistrate Judge Baxter ruled that Plaintiff's motion for preliminary injunction and temporary restraining order was to be held in abeyance to allow defense counsel to check on whether a diabetic diet was available and/or whether one can be provided. (Doc. #5). On October 10, 2006, Magistrate Judge Baxter issued a Report and Recommendation. (Doc. #6) In her Report and Recommendation, Magistrate Judge Baxter explained that defense counsel had forwarded to the Court "documentary evidence that Erie County Prison offers diabetic menus and that Plaintiff has, in fact been receiving a high

calorie diabetic diet." Magistrate Judge's Report and Recommendation, pp. 1-2. Based upon this

evidence, the Magistrate Judge held that "Defendants have provided sufficient documentary

evidence to demonstrate that Plaintiff has been receiving a high calorie diabetic diet, which is the

ultimate relief sought by Plaintiff in his motion for preliminary injunction," and recommended

that Plaintiff's motion be denied. Id. at p. 2. The parties were allowed ten (10) days from the

date of service to file objections. On October 19, 2006, Plaintiff filed an Objection to the Report

and Recommendation. (Doc. #7).

It is this Court's responsibility to review *de novo* the pleadings and documents relevant to

Plaintiff's motion for preliminary injunction and temporary restraining order and to determine

whether or not to adopt Magistrate Judge Baxter's report and recommendation that Plaintiff's

motion be denied. This the Court was not able to do when it first received Magistrate Judge

Baxter's report and recommendation and Plaintiff's objections because the documents which

Magistrate Judge Baxter relied upon in reaching her decision to deny Plaintiff's motion were not

part of the record. Accordingly, we ordered the Defendants to file the documents submitted to

Magistrate Judge Baxter in support of their opposition to Plaintiff's motion, making sure to serve

them on the Plaintiff, and gave Plaintiff until February 6, 2007 to file any additional objections to

Magistrate Judge Baxter's report and recommendation denying his motion. Defendants promptly

filed the requested documents. Plaintiff did not file any additional objections by February 6,

2007. This matter is now ripe for our decision on Magistrate Judge Baxter's report and

recommendation.

AND NOW, this 12th day of February, 2007, it is hereby ORDERED, ADJUDGED,

AND DECREED that Plaintiff's motion for preliminary injunction and temporary restraining

2

(Doc. #4) is DENIED.

It is further hereby ORDERED, ADJUDGED, AND DECREED that the report and

recommendation of Magistrate Judge Baxter (Doc. #6), dated October 10, 2006, is adopted as the

Opinion of the Court.

Maurice B. Cohill, Jr.
Senior District Court Judge

cc:     Magistrate Judge Susan Paradise Baxter
        all parties of record

3