### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WAYNE FALCIGLIA, )
         Plaintiff, )
)
v. ) C.A. No. 06-192E
)
ERIE COUNTY PRISON et al., )
)
         Defendants. )
)

### MEMORANDUM OPINION

Plaintiff filed his *pro se* action against Defendants Erie County Prison and Canteen Services on August 22, 2006. The matter was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates. Thereafter, on January 4, 2007, Plaintiff amended his Complaint to include as defendants James Veshecco and Vincent Kinnane. All of the Defendants filed motions for summary judgment on Plaintiff's claims against them (Doc. # 24 and #41).

The magistrate judge's Report and Recommendation signed on August 31, 2007 (Doc. #56) recommended that the Defendants' Motions for Summary Judgment [Docs. #24 and #41] be granted. The parties were allowed ten (10) days from the date of service to file objections. Service was made on Plaintiff by certified mail, and on Defendants. Plaintiff filed his objections on September 20, 2007.

Rule 72 of the Federal Rules of Civil Procedure provides in pertinent part: "the district court may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b). With the modifications that follow, we accept the recommended decision.

Plaintiff's first objection to the Report and Recommendation is that Magistrate Judge Baxter abused her discretion and violated Plaintiff's procedural due process rights when after

granting Plaintiff's motion to compel, she allowed the defendants to circumvent the discovery process by allowing them to not disclose the very documents Plaintiff needed access to in order to address the defendants' motions. Plaintiff's Objections, pp. 1-2. A review of the docket in this case reveals the following. On March 6, 2007, Plaintiff filed a Motion to Compel Discovery. Magistrate Baxter granted said motion on April 26, 2007 and ordered the defendants to respond to Plaintiff's discovery requests by May 17, 2007. On May 17, 2007 Defendants Erie County Prison, Warden Veshecco and Deputy Warden Kinnane filed their responses to Plaintiff's Requests for Production [Doc. #36]. On May 25, 2007, Defendant Canteen Correctional Services filed a Notice of Compliance with Court's May 21, 2007 Order [Doc. #40]. Thereafter, at no time prior to the filing of his "Objections" to the Report and Recommendation did the Plaintiff file a motion or otherwise inform the magistrate judge of his position that the defendants had not complied with his discovery requests as ordered to do so by the Court. It was not the responsibility of the magistrate judge to monitor compliance with Plaintiff's discovery requests; the burden is on the parties, even those who are *pro se*, to make the Court aware of any discovery issues. Accordingly, we find that Magistrate Judge Baxter did not abuse her discretion and violate Plaintiff's procedural due process rights.

Plaintiff's second Objection is based on his position that the Erie County prison is not a state agency and therefore is not entitled to qualified immunity. Plaintiff's Objections, pp. 2-3. As found by the magistrate judge in her Report and Recommendation, *see* page 6, we have held in the past, and continue to hold, that county prisons are state agencies. See Chilcott v. Domestic Relations Section, 2006 WL 3098771, *4 (W.D. Pa. Oct. 30, 2006) (Cohill, J.).

Plaintiff's third Objection is directed to Magistrate Judge Baxter's dismissal of Plaintiff's claim that he was denied access to the courts. Plaintiff's Objections, pp. 3-4. In order for a prisoner plaintiff to state a claim for denial of access to the courts, the allegedly-hindered claim must be one of arguable merit; it cannot be frivolous. See Lewis v. Casey, 518 U.S. 343, 353 & n. 3 (1996); Christopher v. Harbury, 536 U.S. 403, 415 (2002). Here, even assuming (as Plaintiff argues in his Objections and the magistrate judge presumed in her Report and Recommendation) that

Plaintiff's claim was one related to the conditions of the Westchester County jail, Plaintiff has not presented any evidence from which a reasonable fact finder could conclude that said claim had arguable merit and was not frivolous. Therefore, the Magistrate Judge's Report and Recommendation that Plaintiff's claim of denial of access to the courts must be dismissed was correct.

Defendant's fourth and final Objection to the Report and Recommendation is that he did not come forward with evidence to support his Eighth Amendment claim because the Defendants did not provide him with the information he sought through discovery from Dr. Gilreath. Plaintiff's Objections, pp. 4-5. Again, a review of the docket in this case reveals the following. On March 6, 2007, Plaintiff filed a Motion to Compel Discovery. Magistrate Baxter granted said motion on April 26, 2007 and ordered the defendants to respond to Plaintiff's discovery requests by May 17, 2007. Thereafter, at no time prior to the filing of his "Objections" to the Report and Recommendation did the Plaintiff file a motion or otherwise inform the magistrate judge of his position that the defendants had not complied with his discovery requests as ordered to do so by the Court. It was not the responsibility of the magistrate judge to monitor compliance with Plaintiff's discovery requests; the burden is on the parties, even those who are *pro se*, to make the Court aware of any discovery issues. The magistrate judge's report and recommendation that Plaintiff's Eighth Amendment claim be dismissed was correct.

An appropriate Order follows.

October **13**, 2007

                                            MAURICE B. COHILL, JR.
                                            United States District Judge

cc:        Susan Paradise Baxter, U.S. Magistrate Judge
            counsel of record
            Plaintiff Wayne Falciglia